UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 150 PENSION FUND,**
an employee benefit fund,
and **PATRICK SERZYNSKI and JEFFREY HARGER,**
in their capacities as Fund Trustees,

                    **Plaintiffs,**

         vs.                                  Civil Action No. 21-cv-5009

**GREAT LAKES ELECTRICAL CONTRACTORS, INC.,**
an Illinois Corporation,

**RICHARD P. ANDERSON,**
an Individual d/b/a Great Lakes Electrical Contractors,

**MVP ELECTRICAL CONTRACTORS, INC.,**
an Illinois Corporation,

                    **Defendants.**

---

## COMPLAINT

---

Plaintiffs International Brotherhood of Electrical Workers Local No. 150 Pension Fund (the "Local 150 Pension Plan") and two of the Local 150 Pension Plan's Trustees, Patrick Serzynski and Jeffrey Harger, by their attorneys, Reinhart Boerner Van Deuren s.c., for their complaint against defendants Great Lakes Electrical Contractors, Inc., Richard P. Anderson, and MVP Electrical Contractors (the "Control Group") state as follows:

45962469

1. This is an action by an employee benefit plan and its representative trustees to collect delinquent withdrawal liability payments owed to the plan as required by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA").

## PARTIES

2. The Local 150 Pension Plan is a multiemployer pension plan within the meaning of ERISA §§ 3(2)(A), 3(3), 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(2)(A), 1002(3), 1002(37), and 1301(a)(3), and is established and maintained pursuant to section 302(c)(5) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 186(c)(5). The Local 150 Pension Plan is administered in Libertyville, Illinois by the Local 150 Pension Plan's Board of Trustees. The Board of Trustees is composed equally of representatives of employers and employees, which serves as "plan sponsor" and "administrator" of the Local 150 Pension Plan within the meaning of ERISA §§ 3(16), 4001(a)(1) and 4001(a)(10), 29 U.S.C. § 1002(16), 1301(a)(1), and 1301(a)(10).

3. Plaintiffs Patrick Serzynski and Jeffrey Harger serve on the Board of Trustees for the Local 150 Pension Plan. Messrs. Serzynski and Harger each qualify as a "fiduciary" with respect to the Local 150 Pension Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

4. Great Lakes Electrical Contractors, Inc. ("Great Lakes"), upon information and belief, is, according to the Illinois Secretary of State, an involuntarily dissolved Illinois corporation as of May 14, 2021, which was doing business in the Lake Bluff, Illinois area.

5. Richard P. Anderson is an individual who is doing business as Great Lakes Electrical Contractors in the Lake Bluff, Illinois area. Mr. Anderson is an individual who

operates a trade or business under common control with Great Lakes within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

6. MVP Electrical Contractors, Inc. ("MVP"), upon information and belief, is an Illinois corporation which is doing business in the Lake Bluff, Illinois area. MVP is a trade or business under common control with Great Lakes within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder.

7. Upon information and belief, there may be other trades or businesses under common control with Great Lakes within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1391(b)(1). Plaintiffs may add these entities as defendants in this action.

## JURISDICTION AND VENUE

8. The Court has jurisdiction to hear this matter pursuant to ERISA §§ 502, 515 and 4301(c), 29 U.S.C. §§ 1132, 1145 and 1451(c).

9. Venue is proper in this Court under ERISA §§ 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Local 150 Pension Plan is administered in the Northern District of Illinois.

## DEFENDANTS' VIOLATION OF ERISA §§ 4219(c)(2) AND 4221(d)

10. Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 9, above, as if set forth fully herein.

11. Defendant Great Lakes participated in the Local 150 Pension Plan pursuant to collective bargaining agreements with the International Brotherhood of Electrical Workers No. 150 ("Union") and was an "employer" in the Local 150 Pension Plan within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1). Great Lakes' collective bargaining agreements with the Union required that it contribute to the Local 150 Pension Plan on behalf of eligible

45962469

employees who perform bargaining unit work. Great Lakes' most recent collective bargaining agreement with the Union expired on June 3, 2018, which also notes the date that Great Lakes started non-union work.

12. Great Lakes ceased to have an obligation to contribute to the Local 150 Pension Plan within the meaning of ERISA § 4203(b)(2)(A), 29 U.S.C. § 1383(b)(2)(A), when its collective bargaining agreement with the Union expired on June 3, 2018, and Great Lakes continued to perform work in the jurisdiction of the expired collective bargaining agreement of the type for which contributions were previously required within the meaning of ERISA § 4203(b)(2)(B)(i), 29 U.S.C. § 1383(b)(2)(B)(i).

13. The Local 150 Pension Plan Board of Trustees determined that Great Lakes experienced a complete withdrawal within the meaning of ERISA § 4203(b)(2), 29 U.S.C. § 1383(b)(2), in the Plan Year ending June 30, 2018 and that Great Lakes be assessed withdrawal liability for a complete withdrawal.

14. An employer's complete withdrawal liability shall be calculated pursuant to the rolling-five method identified at ERISA § 4211(c)(3), 29 U.S.C. § 1391(c)(3).

15. Based on the calculation by the Local 150 Pension Plan's actuary, Great Lakes was assessed an estimated total withdrawal liability in the amount of $263,390, to be paid in a lump sum or in 24 quarterly payments, each in the amount of $12,774.25, with the first quarterly payment due on March 1, 2021, and an additional final payment of $8,582.

16. Pursuant to ERISA §§ 4202 and 4219(b)(1), 29 U.S.C. §§ 1382 and 1399(b)(1), the Local 150 Pension Plan legal counsel, on behalf of the Board of Trustees, notified Great Lakes in a February 10, 2021 letter to Richard P. Anderson, President and Owner of Great Lakes, of the amount of its liability and the schedule for liability payments. The February 10, 2021

letter demanded that Great Lakes, and all other trades and businesses under common control with Great Lakes, pay the $263,390 withdrawal liability in 24 quarterly payments of $12,774.25, with the first quarterly payment due on March 1, 2021, and an additional final payment of $8,582. The February 10, 2021 letter advised that Great Lakes would be subject to the Local 150 Pension Plan's Delinquency Collection Policy if the withdrawal liability payment was not made when due. If any withdrawal liability payment was not made when due, the Local 150 Pension Plan's Delinquency Collection Policy provides that a withdrawn employer will be liable for liquidated damages of 20% of the delinquency, interest determined in accordance with Supplement C of the Local 150 Pension Plan trust document and the court costs and attorneys' fees incurred in collection of such delinquency.

17. Neither Great Lakes nor any trade or business under common control with Great Lakes paid the $12,774.25 quarterly installment due on March 1, 2021.

18. In a letter to Mr. Anderson dated June 3, 2021, legal counsel for the Local 150 Pension Plan advised Great Lakes that the Local 150 Pension Plan had not received the initial quarterly installment, nor the second installment due on June 1, 2021, and requested immediate payment plus assessed interest charges.

19. In correspondence to Mr. Anderson dated June 3, 2021, legal counsel to the Local 150 Pension Plan served notice to Great Lakes that it would be considered to be in default under ERISA section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), if Great Lakes failed to pay the outstanding installment payments with interest within 60 days of receipt of the notice, in which case the full amount of the outstanding withdrawal liability assessment would become immediately due and payable.

20. Neither Great Lakes nor any trade or business under common control with Great Lakes paid the $25,548.50 within 60 days of the Local 150 Pension Plan's June 3, 2021 letter demanding payment, and the payments due March 1, 2021 and June 1, 2021 remain delinquent as of this time. The Board of Trustees subsequently declared a default under ERISA section 4219(c)(5) and directed that a collection action against Great Lakes and trades or businesses under common control with Great Lakes be initiated.

21. Great Lakes has never advised the Local 150 Pension Plan of its desire to initiate arbitration.

22. Great Lakes has also failed to pay quarterly installments to the Local 150 Pension Plan that were scheduled to be made no later than March 1, 2021, June 1, 2021 and September 1, 2021.

23. ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), provides that withdrawal liability shall be payable "beginning no later than 60 days after the date of demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule."

24. ERISA § 4221(d), 29 U.S.C. § 1401(d), provides that even in cases where a request for review and arbitration are initiated by a withdrawn employer, payments shall be made by the employer "until the arbitrator issues a final decision with respect to the determination submitted for arbitration." Courts have characterized the requirements imposed by ERISA §§ 4219(c)(2) and 4221(d), 29 U.S.C. §§ 1391(c)(2) and 1401(d), as a "pay now, dispute later" obligation.

25. With regards to the withdrawal liability assessment from the Local 150 Pension Plan, defendants have not initiated arbitration in this matter pursuant to ERISA § 4221(a),

45962469

29 U.S.C. § 1401(a), and, consequently, no arbitrator has issued a final determination modifying the Local 150 Pension Plan's withdrawal liability assessment.

## CLAIM FOR RELIEF BY LOCAL 150 PENSION PLAN

26. Plaintiff Local 150 Pension Plan realleges and incorporates the allegations of paragraphs 1 through 26, above, as if set forth fully herein.

27. As a result of their failure to make their withdrawal liability payment in accordance with the Local 150 Pension Plan's payment schedule, defendants have violated ERISA §§ 4219(c)(2) and 4221(d), 29 U.S.C. §§ 1399(c)(2) and 1401(d).

28. ERISA § 4301(b), 29 U.S.C. § 1451(b), provides that any failure of an employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515, 29 U.S.C. § 1145.

29. ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), requires that, upon entry of judgment in favor of a plan to enforce ERISA § 515, the Court shall award the plan the unpaid contributions, interest on the unpaid contributions, 20% liquidated damages and attorneys' fees and costs incurred in recovering the outstanding withdrawal liability payments.

30. ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5), provides that a failure to make a withdrawal liability payment is considered a "default" if the failure is not cured within 60 days after an employer receives written notification from the plan sponsor of such failure. ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5) further provides that in the event of such default, the Board of Trustees may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of withdrawal liability from the due date of the first payment which was not timely made.

31. Section 4219.33 of the Pension Benefit Guaranty Corporation's regulations, 29 C.F.R. § 4219.33, provide that that the Local 150 Pension Plan may adopt rules for determining the rate of interest to be charged on defaulted withdrawal liability. The Board of Trustees of the Local 150 Pension Plan has adopted such rules in accordance with Supplement C, which is part of the plan trust document.

32. Pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder, each member of a contributing employer's control group is jointly and severally liable for the entire assessed withdrawal liability incurred by any member of the control group.

33. Pursuant to ERISA §§ 4001(b)(1), 4219(c)(2), 4221(d) and 4301, 29 U.S.C. §§ 1301(b)(1), 1399(c)(2), 1401(d) and 1451, defendants, each a member of the Control Group, are jointly and severally liable for the $263,390 withdrawal liability payment due, 20% liquidated damages, interest, and attorneys' fees and costs incurred by the Local 150 Pension Plan in recovering the withdrawal liability payment.

WHEREFORE, plaintiffs request judgment:

A. Ordering defendants to pay the Local 150 Pension Plan the amount of $263,390, representing delinquent withdrawal liability owed to the Local 150 Pension Plan.

B. Ordering defendants to pay the Local 150 Pension Plan interest and liquidated damages pursuant to ERISA §§ 502(g)(2) and 4219(c)(5), 29 U.S.C. §§ 1132(g)(2) and 1399(c)(5), and pursuant to the terms to Supplement C of the Local 150 Pension Plan trust document.

8

C.      Awarding the Local 150 Pension Plan expenses of collection, including awarding the Local 150 Pension Plan an amount equal to reasonable attorneys' fees and actual costs of this action.

D.      Awarding such other and further equitable and legal relief as the Court shall deem appropriate.

Dated this 22nd day of September, 2021.

s/ Philip R. O'Brien
PHILIP R. O'BRIEN (SBN 1015549)
MALINDA J. ESKRA (SBN 1064353)
Attorneys for Plaintiffs
Reinhart Boerner Van Deuren, s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
414-298-1000 (telephone)
414-298-8097 (facsimile)
pobrien@reinhartlaw.com
meskra@reinhartlaw.com

45962469